## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**EDWARD LEE LEWIS,**

      **Movant,**

**v.**                           **Case No. 2:16-cv-05565**
                                       **Case No. 2:02-cr-00042**

**UNITED STATES OF AMERICA,**

      **Respondent.**

### MEMORANDUM OPINION AND ORDER AND NOTICE

Pending before the Court is the United States' Motion to Stay Pending Ruling by the Court of Appeals (ECF No. 264), in which the United States seeks a stay of these proceedings pending the issuance of an opinion by the United States Court of Appeals for the Fourth Circuit in the matter of *United States v. Desmond Ra'Keesh White*, No. 15-4096 (4th Cir.). Also pending are Movant's *pro se* Motion for Status of 2255 Motion (ECF No. 263) and his Letter-Form Motion for Appointment of New Counsel (ECF No. 266).

### PROCEDURAL HISTORY

On November 7, 2002, Movant was sentenced in this United States District Court to 192 months in prison, followed by a three-year term of supervised release as a result of his conviction on five felony counts related to mailing threatening communications and one felony count of being a felon in possession of a firearm. Movant's sentence included an enhancement for being an armed career criminal, pursuant to 18 U.S.C. § 924(e) (the "Armed Career Criminal Act" or "ACCA"), based upon his three prior convictions of daytime burglary under West Virginia Code § 61-3-11.

Movant unsuccessfully challenged his ACCA enhancement on appeal.  *See United States v. Lewis*, No. 02-4889, 75 F. App'x 164 (4ᵗʰ Cir, Sept. 16, 2003).  He subsequently filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, which also included a challenge to his ACCA status, which was denied.  *See Lewis v. United States*, No. 2:04-cv-1009 (S.D. W. Va., Nov. 30, 2005) (ECF Nos. 146, 147).  By unpublished opinion entered on August 25, 2006, the Fourth Circuit denied a certificate of appealability and dismissed Movant's appeal of the denial of his first section 2255 motion. *United States v. Lewis*, No. 05-7936 (4ᵗʰ Cir. Aug. 25, 2006) (unpublished) (ECF No. 155).

However, on June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another") was unconstitutionally vague.[1]  Then, on April 18, 2016, the Supreme Court determined that *Johnson* changed the substantive reach of the Act, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

---

[1]  As applicable herein, the ACCA defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use of threatened use of physical force against the person of another [the "elements clause"]; (ii) is **burglary**, arson, or extortion, involves use of explosives [the "enumerated offenses clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"].  18 U.S.C. § 924(e)(2)(B)  [Emphasis added].  The residual clause has been stricken as being unconstitutionally vague.  Thus, in order for Movant to properly be considered an armed career criminal, his predicate offenses must satisfy either the elements clause or be one of the enumerated offenses listed therein.

On May 6, 2016, attorney W. Michael Frazier was appointed to represent Movant to determine whether he may qualify for collateral relief concerning his conviction and sentence in light of *Johnson*.  (ECF No. 246).  On June 21, 2016, Movant received authorization from the Fourth Circuit to file a second or successive section 2255 motion raising a *Johnson*-based claim (ECF No. 251), which is addressed in a Motion to Correct Sentence (ECF No. 252) and a Supplemental Brief (ECF No. 258) filed by Mr. Frazier.

On July 28, 2016, the undersigned entered an Order setting a briefing schedule, under which United States' response to Movant's Motion to Correct Sentence is due on September 12, 2016, and Movant's reply due by September 27, 2016.  (ECF No. 256). However, on August 25, 2016, the United States (the "government") filed the instant Motion to Stay Pending Appeal (ECF No. 264).  On August 30, 2016, Movant, by counsel, filed an Objection to Government's Motion to Stay (ECF No. 266).

On August 24 and September 2, 2016, respectively, Movant, acting *pro se*, filed a Motion for Status of 2255 Motion (ECF No. 263) and a Letter-Form Motion for Appointment of New Counsel (ECF No. 266).  The undersigned will address each motion in turn.

## ANALYSIS

### A.    The government's Motion to Stay.

As noted in the government's motion, Movant's sole argument in his section 2255 motion is that the West Virginia burglary statute, under which his ACCA predicate offenses were obtained, defines "burglary" more broadly than the generic definition found in *Taylor v. United States*, 495 U.S. 575 (1990), which is used to determine the enumerated offense of burglary under the ACCA.  The government's motion asserts that "[p]recisely the same argument about the same West Virginia burglary statute is now

pending before the Fourth Circuit" in the Desmond White case.  The government notes that the *White* matter has been fully briefed, with oral argument occurring in March of 2016, and "a decision is anticipated any day."  (ECF No. 264 at 1, 3).

Thus, the government asserts that the Fourth Circuit is poised to address whether the West Virginia burglary statute defines burglary in accordance with the generic definition articulated in *Taylor* and thus constitutes the enumerated offense of burglary under the ACCA.  (*Id.*)  The government further asserts that a stay of the instant matter pending the Fourth Circuit's decision in *White* is in the interests of judicial economy, with minimal prejudice to Movant.  (*Id.*)  The government notes that Movant is scheduled to be released from custody on or about October 22, 2016, and that, under the current briefing schedule, this matter will not even be ripe for determination until very near his release date.  (*Id.* at 2).

On August 30, 2016, Movant, by counsel, filed an Objection to Government's Motion to Stay (ECF No. 265).  The Objection asserts that neither this court nor the parties can predict when the Fourth Circuit will rule in *White* or whether the Court will rule on any precise issue in *White* that would be determinatively binding on this case.  (*Id.* at 1).  Movant's Objection stresses that, although he is nearing the conclusion of his term of imprisonment, if he is entitled to relief in light of *Johnson*, he had already served more time in prison than he could have legally received without the ACCA enhancement, "so every possible day of freedom is precious to him."  (*Id.* at 2).  Thus, Movant requests that the Motion to Stay be denied and that the current briefing schedule remain in place.  (*Id.*)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254

(1936).  In exercising discretion to stay a case, a court "must weigh competing interests." *Id.* at 255; *see also Central W. Va. Reg'l Airport Auth., Inc. v. Triad* Eng'g, No. 2:15-cv-11818, 2015 WL 6758233 (S.D. W. Va. Nov. 5, 2015) (Copenhaver, J.).  "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative."  *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983); *cf. Yong v. I.N.S.*, 208 F.3d 1116, 1120-21 (9th Cir. 2000) ("habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy").

The undersigned is persuaded that a stay of this matter is not in the interests of justice.  While the *White* case may squarely determine whether burglary as defined under the West Virginia statute falls within the generic definition required to be considered a predicate offense under the ACCA, there are potential procedural considerations in *White* which may limit the Court's consideration of the merits of that issue.  Furthermore, in light of the fact that Movant has already served time in excess of his maximum sentence on his section 922(g) conviction without the ACCA enhancement, should it be determined that he is not an armed career criminal, the undersigned believes that any additional delay in the adjudication of his motion for collateral relief would result in undue prejudice to Movant and be a miscarriage of justice.[2]

Moreover, the party seeking a stay is required to "make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to someone else."  *Landis*, 299 U.S. at 254-55.  The

---

[2]  The undersigned notes that, even if Movant is released from custody before receiving a ruling on his motion, if he is entitled to relief in light of *Johnson*, a re-sentencing would still be necessary, as his armed career criminal status may have collateral consequences should his subsequent three-year term of supervised release be revoked.

undersigned is cognizant of the government's assertion that, if the Fourth Circuit subsequently rules differently than this court on this issue, the United States may be without a remedy; however, in balancing the potential hardship or prejudice to the government versus that to Movant, the undersigned **FINDS** that the relevant factors weigh in favor of denying a stay herein.  Accordingly, it is hereby **ORDERED** that the United States' Motion to Stay Case Pending Appeal (ECF No. 264) is **DENIED** and the current briefing schedule remains in place.

### B.  Movant's Motion for Status and Motion for Appointment of New Counsel.

On August 24, 2016, Movant filed a *pro se* Motion for Status of 2255 Motion (ECF No. 263).  Then, on September 1, 2016, Movant filed a *pro se* Letter-Form Motion for Appointment of New Counsel (ECF No. 266).  In both of these documents, Movant asserts that he has had no communication with his court-appointed attorney, W. Michael Frazier, and does not know what is going on in this matter.  To the extent that Movant has requested notification of the status of this matter, the Clerk is **DIRECTED** to mail a copy of the civil docket sheet for this matter to Movant, along with a copy of this Order.

The undersigned **FINDS** that Mr. Frazier has acted diligently in filing Movant's present section 2255 motion and other briefing, and that, presently, there is no basis for his removal as Movant's counsel.  However, Mr. Frazier is cautioned that he must keep his client apprised of the status of these proceedings and, if he has not done so already, he is directed to provide Movant with copies of all of the filings made herein.

At the same time, the Movant is **NOTIFIED** that, should he be released from custody prior to the resolution of this matter, he must advise the Court, Mr. Frazier, and counsel for the United States of America of his subsequent contact information so that

the Court and counsel may properly communicate with Movant concerning these proceedings.  Movant is also advised that, because he is represented by counsel in this matter, all filings should be made through counsel and not *pro se*.

For the reasons stated herein, Movant's Motion for Status (ECF No. 263) and Letter-Form Motion for Appointment of New Counsel (ECF No. 266) are **DENIED WITHOUT PREJUDICE**.

The Clerk is requested to mail a copy of this Order and the civil docket sheet to Movant, and to transmit a copy of this Order to counsel of record.

ENTER:        September 9, 2016

Dwane L. Tinsley
United States Magistrate Judge