# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

EDWARD LEE LEWIS,

        Petitioner,

v.                                                                 CIVIL ACTION NO. 2:16-cv-05565
                                                                                  (Criminal Action No. 2:02-cr-00042)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Edward Lee Lewis's Motion to Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 252]. This matter is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the court, it is hereby **ORDERED** that the referral of this matter to the Magistrate Judge is **WITHDRAWN**.

I.     **Procedural History and Positions of the Parties**

On August 16, 2002, following a jury trial, Mr. Lewis was convicted of four counts of mailing threatening communications in violation of 18 U.S.C. § 876; one count of mailing threatening communications to the President in violation of 18 U.S.C. § 871; and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Lewis had previously been convicted in the

Circuit Court of Putnam County, West Virginia of three counts of daytime burglary in violation of W. Va. Code § 61-31-11.

At sentencing, which occurred on November 7, 2002, this court found that Mr. Lewis's three prior daytime burglary convictions were "violent felonies" as defined by 18 U.S.C. § 924(e)(2)(B).[1] As a result of these prior convictions, Mr. Lewis was classified as an armed career criminal under 18 U.S.C. § 924(e) (the "Armed Career Criminal Act" or "ACCA"). The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. With this enhancement, Mr. Lewis was subject to a mandatory minimum sentence of fifteen years of imprisonment.[2] Mr. Lewis was sentenced to serve 192 months in prison, followed by a three-year term of supervised release. J., No. 2:02-cr-42 [ECF No. 88]. Mr. Lewis's sentence was affirmed on appeal. *United States v. Lewis*, 75 F. App'x 164 (4th Cir. 2003).

---

[1] 18 U.S.C. § 924(e)(2)(B) defines a "violent felony" as "a crime punishable . . . by imprisonment for a term exceeding one year . . . that

    (i)      has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)     is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added). The emphasized portion of this definition is known as the Act's "residual clause."

[2] Without the ACCA enhancement, Mr. Lewis would have been subject to a maximum ten-year term of imprisonment.

On September 16, 2004, Mr. Lewis, proceeding *pro se*, filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Mot. Vacate, No. 2:02-cr-42 [ECF No. 126]. This motion was denied on November 30, 2005. Mem. Op. & Order, No. 2:02-cr-00042 [ECF No. 146].[3] Mr. Lewis was denied a certificate of appealability, and his appeal of the decision denying his § 2255 motion was dismissed on August 25, 2006. *United States v. Lewis*, No. 05-7936, 2006 WL 2467337 (4th Cir. Aug. 25, 2006). Mr. Lewis subsequently filed a number of other motions that are not relevant to the instant matter.

On June 26, 2015, the Supreme Court decided *United States v. Johnson*, 135 S. Ct. 2551, 2557 (2015), holding that the residual clause [4] of the ACCA is unconstitutionally vague and further holding that the imposition of an increased sentence thereunder violates due process. As noted by the United States, the Supreme Court specifically excluded the remainder of the ACCA from its holding in *Johnson*. The Court stated, "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. Thus, a prior conviction may still qualify as a violent felony if it meets the element of force criterium contained in §924(e)(2)(B)(i) ("the force clause") or is one of the enumerated offenses contained in § 924(e)(2)(B)(ii) ("the

---

[3] Mr. Lewis unsuccessfully challenged his designation as an armed career criminal in both his direct appeal and his first § 2255 motion.
[4] *See supra* note 1.

enumerated offense clause"), namely burglary, arson, extortion, or a crime involving explosives.

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), in which the Court determined that *Johnson* was a substantive, rather than a procedural, decision because it affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Id.*

On May 6, 2016, attorney W. Michael Frazier was appointed to represent Mr. Lewis for the purpose of determining whether he qualifies for federal habeas relief under § 2255 in light of *Johnson*. Order [ECF No. 246]. On June 21, 2016, Mr. Lewis was authorized by the United States Court of Appeals for the Fourth Circuit to file a second § 2255 motion asserting a *Johnson* claim. Notice [ECF No. 250]; Order [ECF No. 251]. That same date, the court docketed the instant Motion to Correct Sentence [ECF No. 252], and subsequently permitted Mr. Lewis to file a Supplemental Brief addressing his *Johnson* claim, which was filed on August 11, 2016. Suppl. Br. [ECF No. 258]. Mr. Lewis's brief asserts that, after *Johnson*, his prior daytime burglary offenses no longer qualify as "violent felonies" under the ACCA.

On September 12, 2016, the United States ("the Government") filed a Response to Mr. Lewis's § 2255 motion and Supplemental Brief. Answer to Def.'s Suppl. Br. [ECF No. 268]. The Government's Response asserts that, in order to prevail on his

4

second § 2255 motion, Mr. Lewis has the burden of proving by a preponderance of the evidence that his claim for relief is based upon a new rule of constitutional law and, thus, "is unlawful on one of the specified grounds." *Id.* at 4 (quoting *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010)).

The Government's Response further contends that because "the defendant's challenge is nominally based on *Johnson*, he must prove that he was sentenced under the residual clause of the ACCA and that the use of that clause made a difference in sentencing." *Id.* at 4. Relying upon authority from the Seventh and Eleventh Circuits, the Government asserts that, unless it is clear from the record that the District Court specifically found Mr. Lewis's prior crimes to be "violent felonies" under the residual clause, his convictions remain unaffected by *Johnson* and his § 2255 motion must be denied. *Id.* at 4–5 (citing *Stanley v. United States*, No. 15-3728, 2016 WL 3514185, at *3 (7th Cir. June 27, 2016); *In re Moore*, No. 16-13993-J & 16-14361-J, 2016 WL 4010433, at *3–4 (11th Cir. July 27, 2016)). The Government further contends that Mr. Lewis cannot meet this burden because the record fails to indicate the basis for the finding that Mr. Lewis's three prior daytime burglary convictions were convictions for "violent felonies." *Id.* at 6–10.

On September 14, 2016, Mr. Lewis filed Movant's Response to Government's Argument, in which he concedes that he has to prove that he is entitled to the relief he seeks, but further contends that "it would be a rare case where a district judge

5

expressly states 'I hereby sentence you under the residual clause.'" Movant's Resp.

to Gov't's Arg. 1 ("Reply") [ECF No. 269]. The Reply further states:

> We have no direct evidence of how the judge arrived at his enhancement, as the judge merely recited statutory terms. But to qualify Movant for an ACCA sentence, the judge <u>had</u> to use one of three avenues; the force clause, the enumerated offense clause, or the residual clause. He could not have used the force clause, because his prior felonies do not qualify under that, as discussed in the initial brief. He could not have used the enumerated offense clause as West Virginia burglary is broader than the "generic" definition, and thus would not qualify. So the only way the judge could have arrived at the ACCA enhancement is via the residual clause, which *Johnson* invalidated.
>
> * * *
>
> Movant believes it is obvious his argument is based on a "new rule . . . that was unavailable to him at trial or on direct appeal." The recent case of *United States v. Desmond Ra'Keesh White*, ___ F.3d ___, 2016 WL 4717943 (4th Cir. Sept. 9, 2016) effectively closed this argument for the Government. "It would have been futile for [Mr. Lewis] to argue that those [burglary] convictions did not qualify as ACCA violent felonies because they fell under the residual clause." [*Id.*] at Page 16. That is the case here precisely. Movant could not have argued the residual clause was vague, because the Supreme Court had previously said it was not. *Sykes v. United States*, 564 U.S. 1 (2014). *Johnson* expressly overruled *Sykes*.

*Id.* at 2–3.

On September 22, 2016, Mr. Lewis filed a Notice of Additional Authority [ECF No. 270], providing notice of a decision by a district judge in the United States District Court for the Western District of Virginia. The decision diverged from the reasoning of the Eleventh Circuit's decision in *Moore* (relied upon by the Government) and held

that a movant in a second § 2255 proceeding need only show that the district court "may" have used the residual clause in finding a crime to be a "violent felony" in order to be able to pursue relief under *Johnson*. *See United States v. Winston*, 207 F. Supp. 3d 669, 675 (W.D. Va. 2016). The United States Court of Appeals for the Fourth Circuit affirmed this portion of the holding, although it vacated the decision on other grounds. *See United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017). The Fourth Circuit's decision will be discussed below.

II. **Discussion**

    A. **As a threshold matter, the record need not conclusively prove that the District Court relied upon the residual clause in finding the previous offenses to be "violent felonies."**

Following the Supreme Court's retroactive decision in *Johnson*, the residual clause can no longer be used to qualify a prior crime as a "violent felony." Furthermore, in light of the Fourth Circuit's recent decision in *United States v. Winston*, the court is not persuaded by the Government's argument that Mr. Lewis must prove that the sentencing court found his prior convictions to be violent felonies based upon the residual clause in order to obtain relief under *Johnson*.

In *Winston*, the petitioner challenged the classification of a Virginia common law robbery conviction as a "violent felony" for an ACCA enhancement after *Johnson*. *United States v. Winston*, 850 F.3d at 679. The Government asserted that Winston was procedurally barred from seeking relief because the record did not establish that the sentencing court relied on the residual clause to conclude that the Virginia

7

common law robbery conviction qualified as a violent felony under the ACCA. However, the Fourth Circuit found:

> Although the record does not establish that the residual clause served as the basis for concluding that Winston's prior convictions for rape and robbery qualified as violent felonies, "[n]othing in the law requires a [court] to specify which clause . . . it relied upon in imposing a sentence." *In re Chance*, 831 F.3d 1335, 1340 (11th Cir. 2016). We will not penalize a movant for a court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony. Thus, imposing the burden on movants urged by the government in the present case would result in "selective application" of the new rule of constitutional law announced in [*Johnson*], violating "the principle of treating similarly situated defendants the same." *Id.* at 1341 (quoting *Teague v. Lane*, 489 U.S. at 304, 109 S. Ct. at 1060).
>
> We therefore hold that when an inmate's sentence <u>may have been predicated</u> on application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in [*Johnson*], the inmate has shown that he "relies on" a new rule of constitutional law within the meaning of 28 U.S.C. § 2244(b)(2)(A). This is true regardless of any non-essential conclusions a court may or may not have articulated on the record in determining the defendant's sentence. *Chance*, 831 F.3d at 1340.

*Winston*, 850 F.3d at 682 (emphasis added).

Therefore, I **FIND** that Mr. Lewis's second § 2255 motion relies on a new rule of constitutional law and is subject to review. The proper inquiry now is to determine whether his prior convictions can be considered to be violent felonies under the remaining clauses contained in the ACCA.

8

### B. Mr. Lewis's prior burglary convictions are not violent felonies.

At the time of Mr. Lewis's daytime burglary convictions, the relevant West Virginia statute defined burglary as follows:

> If any person shall, in the night time, break and enter, or enter without breaking, or shall, in the daytime, break and enter, the dwelling house, or an outhouse adjoining thereto or occupied therewith, of another, with intent to commit a crime therein, he shall be deemed guilty of burglary.

W. Va. Code § 61-3-11(a). The statute further defines "dwelling" as including "a mobile home, house trailer, modular home, factory-built home or self-propelled motor home, used as a dwelling regularly or only from time to time, or any other automotive vehicle primarily designed for human habitation and occupancy and used as a dwelling regularly or only from time to time." W. Va. Code § 61-3-11(c).

The ACCA contains four enumerated offenses that are deemed to be "violent felonies." Those offenses are "burglary, arson, or extortion, [or crimes] involv[ing] the use of explosives." 18 U.S.C. § 924(e)(2)(B)(ii). However, as noted by Mr. Lewis, the ACCA, in its current form, does not define these offenses. Suppl. Br. 3.

In *Taylor v. United States*, 495 U.S. 575, 599 (1990), the Supreme Court announced the following definition of "generic" burglary for use in the application of the ACCA: "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." The *Taylor* Court noted that some states "define burglary more broadly, *e.g.*, by eliminating the requirement that the entry be

unlawful, or by including places, such as automobiles and vending machines, other than buildings" and that such offenses do not constitute "generic" burglary. *Id.* at 599. Mr. Lewis contends that, before *Johnson*, burglary offenses outside the scope of the generic definition could be considered "violent felonies" under the residual clause. However, after *Johnson*, they cannot. Suppl. Br. 4.

In *Mathis v. United States*, 136 S. Ct. 2243, 2250 (2016), the Supreme Court found Iowa's burglary statute to encompass conduct outside the generic burglary definition because it criminalized entries into a greater variety of locations than the structures defined by *Taylor*. On September 9, 2016, the Fourth Circuit, following suit with *Mathis*, held that West Virginia's burglary statute is broader than the generic definition set forth in *Taylor*. *United States v. Desmond Ra'Keesh White*, 836 F.3d 437, 446 (4th Cir. 2016). Therefore, convictions for burglary under West Virginia law do not qualify as enumerated offenses under the ACCA's definition of a "violent felony." *Id.*

Based upon the decisions in *Mathis* and *White,* I **FIND** that Mr. Lewis's West Virginia daytime burglary convictions do not qualify as generic burglaries for the purpose of the ACCA. I likewise **FIND** that such offenses do not have "as an element the use, attempted use, or threatened use of physical force against the person of another." Therefore, I further **FIND** that, in light of *Johnson*, Mr. Lewis's prior West Virginia daytime burglary convictions no longer qualify as "violent felonies" under the ACCA, and that Mr. Lewis's sentence thereunder is unlawful.

III.  Conclusion

For all the foregoing reasons, it is hereby **ORDERED** that Mr. Lewis's Motion to Correct Sentence [ECF No. 252] is **GRANTED**. Mr. Lewis has completed his term of imprisonment and was serving his term of supervised release. However, Mr. Lewis has violated the terms of his supervised release, and, on September 26, 2017, a warrant was issued for his arrest. Accordingly, at this time, the only relief that this court can grant Mr. Lewis is to modify his class of felony and his criminal history category, which may affect any potential revocation sentence. Therefore, it is hereby **ORDERED** that Mr. Lewis's class of felony for the instant offense is modified from a Class A felony to a Class C felony, and his criminal history category applicable to his original sentencing is reduced to category III.[5]

The clerk is **DIRECTED** to forward copies of this Memorandum Opinion and Order to Movant, all counsel of record, the United States Probation Office, and the United States Marshals Service.

ENTER:   October 24, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[5] Because the ACCA does not apply to Mr. Lewis's conduct (1) the maximum sentence and, therefore, the class of felony is reduced; (2) Sentencing Guideline § 4B1.3(c)(3) is no longer applicable for purposes of increasing Mr. Lewis's criminal history category. *See* 18 U.S.C. §§ 924(e)(2)(B), 3559(a)(3); U.S. Sentencing Guidelines Manual § 4B1.4(c)(3) (U.S. Sentencing Comm'n 2016). Mr. Lewis's original sentence also included three years of supervised release. This portion of the sentence remains lawful despite the change in his felony classification. *See* 18 U.S.C. § 3583(b)(2).