IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          CIVIL ACTION NO. 2:16-cv-05565
                            CRIMINAL ACTION NO. 2:02-cr-00042

EDWARD LEE LEWIS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's Motion to Reconsider Denial of CJA Counsel's Motion to Resentence [ECF No. 304]. The United States submitted a Response [ECF No. 306]. For the reasons stated herein, the Motion to Reconsider is **DENIED**.

I.     **Procedural Background**

On August 16, 2002, a jury found Edward Lee Lewis guilty of four counts of mailing threatening communications in violation of 18 U.S.C. § 876; one count of mailing threatening communications to the President of the United States in violation of 18 U.S.C. § 871; and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On November 12, 2002, the court sentenced Mr. Lewis for these convictions. Based on the three convictions for "violent felonies" in Mr. Lewis's criminal history,[1] he was classified as an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act (the "ACCA"). Thus, Mr. Lewis was subject to a mandatory minimum sentence of 180 months' imprisonment, and a maximum of life, for his conviction under 18 U.S.C. § 922(g)(1). *See* 18 U.S.C. § 924(e)(1). Accordingly, this conviction was classified as a Class A felony, *see* 18 U.S.C. § 3559(a)(1), and Mr. Lewis was subject to a sentence of up to five years' supervised release, *see* § 3583(b)(1). Ultimately, this court sentenced Mr. Lewis to 192 months' incarceration, followed by three years' supervised release. J. [ECF No. 88]. This sentence was affirmed on appeal. *United States v. Lewis*, 75 F. App'x 164 (4th Cir. 2003).

Following the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016), the court issued a Memorandum Opinion and Order finding that Mr. Lewis's classification as an Armed Career Criminal was no longer lawful,[2] and thus his sentence of 192 months' imprisonment was unlawful. *See* Mem. Op. & Order [ECF No. 299]. However, by this time, Mr. Lewis had already served his term of imprisonment and been released from prison. The court found that Mr. Lewis's sentence of supervised release remained

---

[1] Mr. Lewis had previously been convicted in the Circuit Court of Putnam County, West Virginia of three counts of daytime burglary in violation of W. Va. Code § 61-31-11. These were classified as violent felonies under 18 U.S.C. § 924(e)(2)(B)(ii).

[2] His three prior state burglary charges could no longer lawfully be considered "violent felonies" under the ACCA. *See* Memorandum Op. & Order 7–10 [ECF No. 299].

2

lawful and declined to alter it. *See id.* at 11, n.5. The court adjusted Mr. Lewis's criminal history category and class of felony for the benefit of their impact on any future proceedings. *See id.* at 11.

Following the entry of the court's Order, Mr. Lewis's CJA counsel filed a Motion to Resentence asking the court to resentence Mr. Lewis to no supervised release to compensate Mr. Lewis for the excess time he spent in prison. Mot. Resentence [ECF No. 301]. The court denied this motion, citing the Supreme Court's decision in *Johnson v. United States*, which plainly states that "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." 529 U.S. at 59; Order [ECF No. 303].

Subsequently, the federal public defender, appointed to represent Mr. Lewis in his pending revocation proceeding for violation of the terms of his supervised release, filed this motion [ECF No. 304], asserting that the court is required to vacate Mr. Lewis's sentence and resentence him. The court assumes that the client, who was a fugitive at the time of filing, authorized his counsel to bring this motion.

II. Discussion

The defendant argues that the court must vacate the original judgment in its entirety and conduct a de novo resentencing for the defendant. However, the language of § 2255 and the case law interpreting it is clear: "A district court need not actually vacate the original sentence if the judgment has the 'practical effect' of vacating the original sentence." *United States v. Davis*, No. 17-4011, 2017 WL 3867817, at *2 (4th

3

Cir. Sept. 5, 2017) (quoting *United States v. Hadden*, 475 F.3d 652, 661 n.9 (4th Cir. 2007). Furthermore, the court is only required to take *one* of "four distinct courses in remedying a successful § 2255 petitioner's unlawful sentence: (1) 'discharge the prisoner,' (2) 'grant [the prisoner] a new trial,' (3) 'resentence [the prisoner],' or 'correct the [prisoner's] sentence." *Hadden*, 475 F.3d at 667. This language "confers a 'broad and flexible' power to the district courts 'to fashion an appropriate remedy.'" *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997) (quoting *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992)). Thus, despite the defendant's argument to the contrary, the court is not required to resentence the defendant.

Given the specific facts and the posture of this case, I find that the appropriate means by which to grant relief to Mr. Lewis is for the court to *correct* Mr. Lewis's sentence. Mr. Lewis has, unfortunately, already served the entire period of imprisonment on his original unlawful sentence. It is clear that this period of incarceration was greater than any sentence that would now be imposed by the court. Therefore, it is unnecessary to conduct a de novo resentencing to determine a numerical sentence of imprisonment, and it is appropriate to correct the defendant's sentence by amending the term of imprisonment to "time served."

The defendant also asks the court to impose no term of supervised release, as none was originally *required* and "[g]iven the amount of additional time Lewis has served in prison" as a result of the unlawful term of imprisonment. Mem. Support Mot. Recon. 7 [ECF No. 305]. The court finds such reasoning unpersuasive. As

4

articulated by the Supreme Court, "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset supervised release." *Johnson*, 529 U.S. at 59. The court is well aware that it has discretion to amend Mr. Lewis's sentence of supervised release. However, it has chosen not to do so. "Congress intended supervised release to assist individuals in their transition to community life." *Id.* Considering the difficulty Mr. Lewis has had in his transition, it is clear that the court made the right decision.

III. Conclusion

Accordingly, the court **ORDERS** that the defendant's original term of imprisonment is amended to a term of **"time served."** The term of supervised release will remain as is—three years under the same conditions previously ordered. The defendant's motion [ECF No. 304] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 22, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE